3-18-0118 Joseph Hosey, appellant, John Chirac v. City of Joliet, Napoli, by Germaina Guastavini Mr. Chirac I'm John Chirac, I represent the public in this case, Joseph Hosey I guess you could call this the nightmare on Hickory Street Part 3 This case involves a FOIA request by Joe Hosey, a patch reporter for Joliet Patch for the videotaped statements made by the Nightmare on Hickory Street defendants which were played in the various criminal trials The city did not produce those, we initiated a lawsuit based on a FOIA request It went to a cross-supposed and summary judgment from Judge Anderson Judge Anderson, although he ruled for the city in denying our request he did state that he was looking for some direction on this matter because there's not a lot out there to guide him So there's a couple things that we need to sort of look at here There's two statutes involved, there's the FOIA statute which says that it's to be, it's very broad the public policy behind it is to provide complete disclosure of the functions of government These tapes were played in open court, although the court reporters, Judge Anderson was able to determine, I think that was at C-140 in the record that the court reporters did not transcribe what was on them So realistically, the only way that... Was the media excluded from the courtroom? No, no, I think my client... So had somebody been there, they would have known the content of the... That's true, but my client used the actual videotaped statements as having a newsworthy value to them that he wants to write additional stories about the actual videotapes, what's on them And he couldn't have seen that? So... During the trial? Well, so he wants to use it in an online story and get portions of them, of the videos that he uses in his reporting is what he's looking for So, and that's the value that he sees in it is to put additional stories about this matter He wants to publish the video? Yes, that's absolutely right And he views that as newsworthy and he thinks that this is It's one of the most famous murders of Joliet He's written numerous stories about it There's numerous stories and it has sort of a following And he views that it would be widely received in Joliet That's why he wants these so badly There's a profit motive here Well, he... At the time he filed this, he was the editor of the Joliet Cash Online News Agency He's now the editor of the Joliet Herald News which is the major paper in Joliet So, to a certain extent, yes But it's only to the extent that he views it as newsworthy and it would garner a lot of people wanting to see it Why wasn't he there during the trial? I think he was I think he was there So you think he's heard it? I think he was there during parts of it, yes He was aware of the fact that they did play these and he was there But we don't have access to the videotapes You want us to give him a redo, an instant replay of something that he was listening to in the courtroom? We want the actual videotapes The statements made by the defendants The videotape statements So he can post those online, yes That's exactly what we're asking for And I think we're entitled to it The statute... We do have the two statutes And I believe that the city is trying to read the FOIA request incredibly to the criminal code entirely too narrowly The issue there, and that I submit, is somewhat straightforward is that it refers to the accused Obviously, Hosea's not looking to violate these defendants' right to receive a fair trial But they're no longer accused, they're convicted And the exception that they talk about relates to rights of the criminally accused I don't think that under the FOIA statute where it intersects with the criminal rights of the accused we can interpret that to deny the production of videotaped confessions forever The purpose of doing this is so that the defendants receive a fair trial There's not unwarranted unfair probability in the news outlet of their videotaped confessions Just another question He's the editor or owner of the Herald, did you say? He's the editor, he's not the owner He's the editor of the Herald News Network Does the Herald News publish any other videos? I mean, they're not a television station So they have an online version of the newspaper Are there videos posted on that? Yes, I've had stories written by him where we've obtained videos of clients that were roughed up in the jail that he did stories on and posted online So they can do that I think the new media now is driven by the social media So on Facebook, on Twitter they will post a story and they will get a lot of interest in it and drive people to it by posting videos and pictures and whatnot online So there's a very narrow exception You can get video footage but there's a narrow exception when it involves an interrogation and a murder case because the statute does require those to be recorded You're right, they have to be recorded and they have to be maintained and they're trying to say that under that section because the section says that statements made by an accused during a fiscal year interrogation are not subject to FOIA and what I'm trying to say is that while the person is accused I would agree with that that we can't get that pursuant to FOIA but after the person is no longer accused I don't see the reasoning for it and I don't believe that the court should interpret the criminal statute that narrowly There's other parts of the clearly the criminal code is designed to protect the rights of the accused There's several places where we have, and clearly when the legislature drafted the statute they clearly intended it only to apply to stuff pre-trial The same code sections There's the part about which relates to the rights of the accused upon arrest There's another part in accused that relates to strict searches The same part regarding their treatment while they're in custody The accused has the right to speak with an attorney and family members The right to consult with an attorney The right to be accused of a speedy trial So clearly when the legislature drafted the statute they were concerned about the accused pre-trial not post-conviction I'm asking you as a policy matter to decide that once criminal defendants have given a videotaped statement and they've been convicted and their post-conviction is run out to interpret the criminal statute and FOIA to allow a reporter to obtain, pursuant to FOIA these type of videotaped state confessions and you know the state will probably get up and say I don't think that's allowed but as a policy reason I don't really see how we're going to violate any right of a criminal defendant in any way to receive a fair trial if we only entertain these post-conviction These police interrogations are usually very far-ranging Yes They don't relate just to the murder they relate to all kinds of personal and private things that can apply to the defendant What's your suggestion with regard to that? Well, here's my suggestion That part of the video that was played in open court should be made available If it was played in open court it's public and is out of the public and therefore that part of it should be allowed by posing as a news agent as a news reporter to have that to report stories on about what happened in open court in Lone County in Joliet Is that part of the FOIA request? Was it that narrow? We asked for it in its entirety and then in front of Judge Anderson there was some argument going on the city was saying that Judge Anderson made that inquiry about if it was done that way and for today's purposes my client and I would agree that what I'm asking you to find is that if it's right there whatever was played in court should be part it's in the public and we view that the public has the right to see the video in its unaltered form of what was played in open court That would be an advisory opinion because you have not made a narrow request at this point So you're just asking us to tell you what we would do if you did modify the request and we're prevented from doing that Very well Judge Anderson did state that he was looking for guidance on this to know how to handle it So again, as a policy matter I'm asking you to actually interpret the statute as allowing us to have these videotapes The Joliet talked about a couple of other things the unduly burdensome I really don't know in what way that would be done if they played these in court to get them to defense counsel I don't know how that would be to get them to Hosea They also talked about an issue with privacy rights of the families under the law Once a person dies there's no cause of action for privacy so I don't see that as any valid reason I think the crux of this is how you interpret the FOIA statute in conjunction with the rights of the criminally accused and I would ask you to find that post-conviction there's no reason not to grant Hosea his request So you're asking us to write an exception into the criminal statute I don't view it as an exception I'm asking you to It's an exception to the language Well the criminal statute only applies to the accused Doesn't it? I'm sorry It applies to the accused when he the person who was accused when he gave the statement So I think that you're right it does but you can't look at the statute you're looking at it too narrowly I'm asking you to look at the entire statute What did the legislature intend when it wrote that? You can't do that without looking at the other parts of it Only if the term accused is ambiguous then we can look at other things but accused is a pretty solid term It means somebody that is charged with a crime These people are no longer charged with a crime So I don't think that there's any reason for this to still be in effect at this time I understand your argument Okay, thank you I have no other questions Thank you, Mr. Shry And Ms. Weisheit Thank you This court should affirm the trial court's grant of summary judgment in the city's favor In interpreting a statute this court must ascertain and give effect to the legislative intent of the statute The language of the statute provides the best indication of that intent And when the language is clear and unambiguous this court must give its effect as written without re-implementation exceptions or conditions into the statute Here, the clear and unambiguous language of section 103-2.1g of the Code of Criminal Procedure prohibits the city from producing custodial interrogations They're required under the law to record those interrogations for purposes of using them in criminal proceedings But they're also required under subsection g to keep those recorded interrogations confidential and the section specifically exempts them from public inspection copying under section 704-L It's the city's position that this language is clear and unambiguous It refers to reporting made by an accused during a criminal I'm sorry, during a custodial interrogation and it prohibits disclosure without any limitations Plaintiff's interpretation reads limitations and exceptions into this portion of the statute which simply don't exist Plaintiff's counsel just said that there are portions of the Criminal Code overall and specifically section 103 which is the rights of the accused that limit the limit the rights to pre-trial proceedings or pre-conviction proceedings. Clearly the legislature knew how to write those exceptions into portions of the statute and did not do that in subsection g The four criminal defendants whose interrogations Plaintiff is attempting to obtain they were accused at the time of the interrogation and at the time that these videos were made at that moment in time these videos became confidential and exempt from production on the court The statute clearly doesn't state that the videos are exempt for a particular period of time or that they lose their exempt status based on some future events such as a conviction or exhaustion of direct appeal or even exhaustion of some sort of collateral attack on the conviction and this court simply cannot limit the statutory language by adding exemptions or limitations into the statute that are not there Did the city timely respond to the FOIA request? Initially? Yes You know I'm not I actually don't know I don't know if it was a timely response My understanding is the initial response was done by the city police department they cited certain exemptions and then the then it was the appeal that decision to be my understanding is that it was timely but I don't know Thank you The other piece of this that I wanted to bring to this court's attention is one of the criminal defendants in the underlying matter Adam Weinerman His direct appeal was argued before this court in June of 2018 and there's been no decision by this court yet To the extent that this court may be inclined to interpret subsection G to apply only to individuals pre-conviction I would argue that he is not even exhausted his direct appeal at this time There's a chance of retrial of course there is a retrial of these videos that become important procedures in those trials And we're not the last potential reviewing court Exactly Certainly Weinerman has a right to appeal to the Illinois Supreme Court and he also has a right to a lateral attack on his conviction The problem is at some point in time all those subsequent or collateral actions are going to end I mean you may say that now but for him it's going to be forever because at some point all those actions are going to cease Well Yes, at some point all those actions are going to cease Is there a temporal problem with that? So it's our position that these videotaped interviews are protected they're confidential and protected for all time I understand that but the argument you're making is that instead of Jews in a sense Mr. Hosek argued that instead of Jews I'm sorry I'm not sure I understand So it's our position that these are there's no time limitation that these need to be kept confidential however even looking at it from the plaintiff's perspective that they should only be protected for the purposes of keeping a fair trial I just wanted to point out that at least one of those defendants is not exhausted at this point Following up on Justice Litton's question, I think his question was are you presuming that they remain just an accused until all levels of review have been exhausted Is that your position? So I think that the term accused it's not defined by the statute We can take some guidance from subsection C of that section 103.21 that contemplates that the electronic recordings made of the custodial interrogations be preserved until the defendant's conviction for any offense related to the statement is final and all direct and hideous proceedings are exhausted And I think that that guidance at the very least indicates that these electronic recordings should be preserved and kept confidential until all the direct and collateral attacks on the conviction are exhausted Is it your point then that all the direct and collateral attacks haven't been exhausted so we don't need to get to that issue at this point? Exactly. Where are you getting collateral attacks? It says hideous. It does say half the hideous I'm not a criminal defense attorney I apologize My understanding is that the way the post-conviction statute works, I don't know if that would be considered a collateral attack It is. So my understanding is that the direct appeal and the hideous case that the post-conviction proceedings would take place in between those Sometimes there aren't any post-conviction convictions And sometimes there are more than one It would leave a court You're underlining the definition of a verdict and how you interpret that It's not It's not the argument that you just made about the juridical actions that might take place You're saying You're saying that the definition or the interpretation of the word accused in the statute is your interpretation of it Is your underlining argument I don't believe that the definition of accused is that First of all I don't think it's that controversial here I think it's someone who's subject to criminal proceedings But I also think that the way subsection G is worded The subsection G is any electronic recording of any statement made by an accused during a custodial interrogation So where the word accused is used is talking about when the custodial interrogation was When the interrogation itself was done And that is your underlining argument So once the custodial interrogation is recorded, once that is done Then it's confidential There's no temporal limitation I think that is ambiguous You can read it as a person who was accused during the custodial interrogation Or you can read it just the person accused and the statements are during custodial interrogation So I think that it's subject to a mixed interpretation I don't know whether it's dispositive, but I do think that I mean, I don't agree with you that it's totally unambiguous I think in that case, I don't want to get into these policy considerations There is a way to interpret this that it's ambiguous which obviously we disagree with, we believe the statute is clear and unambiguous I think the trial court and Plaintiff's counsel are wrong about policy considerations The Code of Criminal Procedure as a whole protects the rights of individuals both pre-trial, during trial post-trial It's during the direct appellate proceedings and the post-conviction proceedings and at any point along during that process there may be there's always a possibility of a trial or a retrial and in that case these custodial interrogations become a piece of evidence that may be used against the defendant or in favor of the defendant The section as a whole, section 103-2.1 that's about these custodial interrogations is designed to protect those interrogations through the whole process It requires certain acknowledgments given to the person accused of being interrogated It requires them to be reported, it requires them to be preserved and kept confidential and each of those sections are designed to protect both both the accused's right to a fair trial and for any sort of retrial or subsequent proceeding where this these custodial interrogations may be used A couple of A couple of points that Pinnock brought up Pinnock has argued that whatever was played in open court should be publicly available that the fact that the videos were played in open court negates any of the FOIA exemptions Pinnock points to no authority for this and it's the city's position that playing a video in open court showing pictures or other evidence in open court is very different than receiving a copy of it and disseminating it online and through social media There's a PAC decision in 2013 PAC decision that we cite in our brief that found that the AG's office found that showing photographs in open court was different than receiving copies of those photographs and we would agree with that decision Thank you What's the name of that case? It's not It's a 2013 decision by the public access counselor and it's number 23394 Thank you Alternatively we argue that the FOIA there's certain FOIA exemptions that would apply even if we were going to produce these videos so if the court finds that the criminal procedure does not work as an absolute bar there's certain FOIA exemptions that would apply In order to determine the extent of those exemptions and what redactions would need to be made the city would have to review the videotapes and determine which portions could be produced and which portions would be protected under either the privacy exemptions, personal information exemptions and some of the other exemptions for law enforcement There's 88 That was a video that's undisputed of the four criminal defendants and this would translate to one full time employee for 11 days just to watch the video and then additional time to determine which portions need to be redacted It's our position that to do so would be overly burdensome under section 3G of FOIA and that would be an additional reason These are four separate videotapes? These are four separate videotapes So one person doesn't have to do all 88 hours? Agreed, one person doesn't but it would require, whether it's one person two people, four people, it would still require someone to take 88 hours to review these videos and then additional time to do any redacting that needed to be done of these videos Thank you very much and to the foreground reasons we ask that you affirm the decision of the court ruling Thank you Ms. Messack Mr. Shryock Mr. Smithee Mr. Smithee, you asked counsel for Joliet that the city delayed. The records show that the city did delay They didn't respond and they never got a response to the Attorney General The Attorney General decided the case on the basis that the city apparently wasn't ever going to respond which is I don't know if it makes our case but it's just sort of disappointing As far as the Anna Vanderman matter, if his matter is still on appeal I think I would agree that he would be exempted out I think that the state part of the criminal statute says how long the state or the city has to keep these It's somewhat telling on this in that where it comes to our point where these need to be kept through I don't think we should be able necessarily to get them pre-trial just after trial but when the appeals run out and they've been convicted and they're going for their appeals I think that the criminal code we would sort of dovetail that and then after that runs out boys should be used should be allowed, should the interpreter be allowed to get the videotaped defendants I just don't see why this should be forever kept from the public and again as a policy reason I'm asking to send this back to Judge Anderson with direction that it should be, you know that the plaintiffs should be allowed to get these Okay Thank you Thank you Mr. Schneider Thank you both for your honor today we're looking at this matter and I imagine it backs you as a written disposition to do so